UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------x
JOHN C. STANTON,

                Plaintiff,

      v.                                          Civil Action No.

LIGHTHOUSE FINANCIAL SERVICES,
INC, and THOMAS S. DRUNSIC,

                Defendants.
------------------------------------------------------x

COMPLAINT

(Demand for Jury Trial)

INTRODUCTORY STATEMENT

This is an action for breach of contract against the corporate defendant,

for recovery under the Massachusetts Wage Act, G.L. c. 149, §§148-150,

against both defendants, and for breach of fiduciary duty against the individual

defendant. The plaintiff also seeks an accounting. John C. Stanton, the

plaintiff, was a founder and employee of the corporate defendant, and remains

a stockholder. He has been denied compensation due him, refused

information to which he is entitled, has been "frozen out" of management of

the corporation, and has otherwise been the victim of the individual

defendant's breaches of fiduciary duties.

PARTIES

1.    John C. Stanton, the plaintiff, resides in Bedford, New Hampshire.

2.    Lighthouse Financial Services, Inc., is a Massachusetts corporation with its principal office in Stoneham, Massachusetts.

3.    Thomas S. Drunsic is a citizen of Massachusetts with a last and usual residence in Norton.

JURISDICTION AND VENUE

4.    This court has jurisdiction over this matter by virtue of 28 U.S.C. §1332, as the parties are citizens of different states and the amount in controversy can reasonably be expected to exceed $75,000.

5.    Venue is proper in this district, by virtue of §§1391(a)(1) and (2), as the defendants reside in this district and the events that are the subject of this action occurred substantially in this district.

FACTS

6.    The corporate defendant, Lighthouse Financial Services, Inc. (hereafter, "Lighthouse" or "the corporation") was formed on September 4, 2002.

7.    The corporation's business lies in providing "lockbox" services to other businesses, a process in which Lighthouse collects funds (such as consumer payments) due to its customers, and remits them to the customers.

8.   The plaintiff was an incorporator and founding stockholder of the corporation as well as its first president.

9.   On or about March 28, 2003, the defendant Thomas S. Drunsic ("Drunsic") purchased 500 shares in the corporation.

10.   On or about March 28, 2003, Drunsic became the chief executive officer, chairman of the board of directors and treasurer of the corporation. Mr. Stanton, the plaintiff, was given the titles of president and secretary (clerk).

11.   Between March 28, 2003, and June 26, 2003, Drunsic purchased an additional 410 shares of the corporation's stock.  The plaintiff was issued no additional stock during that period.

12.   As of June 26, 2003, Drunsic was Lighthouse's majority shareholder.  He has remained the majority shareholder at all material times since that date.

13.   As of April 1, 2003, the plaintiff was employed under a written contract obligating the company to pay him $144,000 per year.  A copy of that contract is attached to this complaint as Exhibit A.

14.   The plaintiff was never paid his salary under that contract.

15.   On or about April 1, 2003, Drunsic took physical custody of the checkbooks and records for the corporation's operating account (which was, on information and belief, also used for payroll).

16.    On or about April 1, 2003, Drunsic changed the electronic password required for obtaining access to the corporation's operating account. The plaintiff was not provided with the new password.

17.    By the terms of the corporation's operating account, two signatures were required for checks of over $1000.00.  At least as of April 2003, the only authorized signatories to the account were the plaintiff and Drunsic. Despite this, Drunsic never sought or obtained the plaintiff's counter-signature on any check.

18.    From April 2003, to March 2004, the only Lighthouse checking account over which the plaintiff retained authority was used for remitting cash collections to the corporation's customers.  On or about March 31, 2004, the checkbook for that account was removed from the plaintiff's locked office by Drunsic or someone acting at his direction.

19.    In April 2003, at Drunsic's insistence, the corporate defendant hired his son, Thomas S. Drunsic, Jr., as a marketer.   Within a year, the younger Drunsic's wages increased—without the knowledge or consent of the plaintiff—from $7.00 per hour to $42,000 per year, although the results of his efforts were not commensurate with such an increase.

20.    From July 18, 2003 through February 27, 2004, Drunsic purchased an additional 760 shares of the corporation's stock.  During this period no stock was issued to the plaintiff.

21.     From and after October 7, 2003, Drunsic's purchases had diluted the plaintiff's share of the corporate stock to less than one-third of the shares issued and outstanding, depriving the plaintiff of the power of a minority stockholder to enforce involuntary liquidation of the corporation.

22.     Drunsic negotiated with prospective investors in the corporation without informing the plaintiff.

23.     On December 5, 2003, the corporation sold 800 shares of its stock to one Steven Monticone, making him the second-largest shareholder in the company and further diluting the plaintiff's interest in the corporation.  The plaintiff was not consulted with respect to the sale of stock to Monticone until after it was complete in all but form.

24.     On February 27, 2004, Monticone purchased an additional 200 shares of stock in the corporation.  The plaintiff was not consulted on the sale of this stock.

25.     As of February 27, 2004, the plaintiff owned approximately 18.58 percent of the issued and outstanding stock of the corporation.

26.     Drunsic retained individuals to serve in executive and managerial capacities in the corporation without the knowledge or approval of the plaintiff.

27.    When the plaintiff asked to see performance reviews for the younger Drunsic, the elder Drunsic informed Mr. Stanton that those reviews were "a private matter."

28.    From and after April 1, 2003, the plaintiff was denied the power and management authority normally the province of the president or chief operating officer of a corporation.  From and after June 2003, the plaintiff's status as a director was effectively ignored except as to certain matters of form.

29.    The plaintiff left the corporation's employ in May 2004.

30.    Since leaving the corporation's employ, the plaintiff has made numerous requests for information about the corporation's business affairs, which requests have been ignored and/or refused.

31.    From and after April 1, 2003, the plaintiff made numerous demands for payment of his salary.  On at least one such occasion, Drunsic responded that the plaintiff would never get any of the funds that he (Drunsic) had put into the company.

32.    On or about July 17, 2004, the plaintiff made a complaint for non-payment of wages to the Attorney General, pursuant to G.L. c. 149, §148.  A copy of that complaint is attached as Exhibit B.  The Attorney General has not pursued action under that complaint.

33.    On or about January 3, 2005, the corporation filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code.

34.    As part of its bankruptcy case, the corporation admitted that it owed the plaintiff wages in the amount of $180,256.43.  A copy of that filing, signed by Drunsic under the pains and penalties of perjury, is attached as Exhibit C.

35.    On or about November 4, 2005, the United States Trustee moved to dismiss or convert the corporation's petition.

36.    On December 2, 2005, the Bankruptcy Court dismissed the corporation's petition.  A copy of the order dismissing the petition is attached as Exhibit D.

37.    The corporation has not been discharged in Bankruptcy.

## CLAIMS

### COUNT I
(For Breach of Contract--Against Lighthouse Financial Services, Inc.)

The plaintiff repeats the allegations of the foregoing paragraphs 1 through 37, inclusive, and incorporates them by reference herein.

38.    The corporation obligated itself to pay wages to the plaintiff by its written contract dated March 31, 2003.

39.    The corporation was obligated to pay the plaintiff wages for services performed.

40.    The corporation has breached its contract with the plaintiff by failing to pay wages as it was obligated to do.

41.    The corporation is liable to the plaintiff for its breach of contract.

COUNT II
(For Violation of the Massachusetts Wage Act--Against Both Defendants)

The plaintiff reiterates the allegations of the foregoing paragraphs 1 through 41, inclusive, and incorporates them by reference herein.

42.    As more particularly set forth above, the defendants failed to pay the plaintiff wages.

43.    The corporation was obligated to pay the plaintiff wages as a matter of law.

44.    The corporation was an employer of the plaintiff, as defined in G.L. c. 149, §148.

45.    Drunsic, as chief executive officer of Lighthouse, was an employer of the plaintiff, as defined in G.L. c. 149, §148.

46.    In failing to pay the plaintiff wages due him, the defendants violated the Massachusetts Wage Act, G.L. c. 149, §§148-50.

47.    The defendants' failures to pay the plaintiff wages were knowing and willful.

48.    The plaintiff has complied with the prerequisites to suit set forth in G.L. c. 149, §150.

49.    The defendants are liable to the plaintiff for the violations of the Wage Act set forth above.

COUNT III
(For Breach of Fiduciary Duty—Against Drunsic)

The plaintiff reiterates the allegations of the foregoing paragraphs 1 through 41, inclusive, and incorporates them by reference herein.

50.    As an officer, director and controlling shareholder of the corporation, Drunsic owed the plaintiff certain fiduciary duties.

51.    By denying the plaintiff a role in the management of the corporation, by using corporate assets to enrich his son to the detriment of the corporation, and by diverse other means, Drunsic has breached his fiduciary duty to the plaintiff.

52.    By denying the plaintiff access to the books and records of the corporation, and by failing and refusing to supply him with information concerning the corporation's affairs, Drunsic has breached his fiduciary duty to the plaintiff.

53.    Drunsic is liable to the plaintiff for the breaches of duty set forth above.

COUNT V
(For an Accounting—Against the Corporation)

The plaintiff reiterates the allegations of the foregoing paragraphs 1 through 41 and 50 through 53, inclusive, and incorporates them by reference herein.

54.    As a shareholder of a closely-held corporation, the plaintiff is entitled to access to its business and financial records.

55.    The defendants have denied the plaintiff access to those records.

56.    The defendants are liable to the plaintiff for denying him access to the business and financial records of the corporation.

WHEREFORE, the plaintiff prays the court to:

a. Award him damages against Lighthouse Financial Services, Inc. on Count I of the complaint, as provided by law.

b. Award him damages against both defendants on Count II of the complaint, as provided by law.

c. Award him treble damages against both defendants on Count II of the complaint, as provided by law.

d. Award him damages against Thomas S. Drunsic on Count III of the complaint, as provided by law.

e. Order that the corporate defendant provide an accounting to the plaintiff.

f. Award him interest, as provided by law.

g. Award him his costs and reasonable attorneys' fees for the bringing and arguing of this matter, as provided by law.

h. Grant such additional relief, including but not limited to equitable relief, as the court deems reasonable and proper.

## DEMAND FOR JURY TRIAL

The plaintiff demands jury trial on all applicable issues.

Respectfully submitted,

March 30, 2006

John C. Stanton
Plaintiff
by his attorney,

*Jonathan J. Margolis*

Jonathan J. Margolis
BBO #319980
Laurie A. Frankl
BBO # 647181
Rodgers Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010