UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
JOHN C. STANTON,

        Plaintiff,

       v.                                                  Civil Action.
                                                                  No. 06-10566-NG

LIGHTHOUSE FINANCIAL SERVICES,
INC, and THOMAS S. DRUNSIC,

        Defendants.
---------------------------------------------------------x

PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING HIS MOTION FOR
PARTIAL SUMMARY JUDGMENT
WITH INCORPORATED MEMORANDUM OF LAW
(Hearing Requested)

      The plaintiff moves the court for reconsideration of its order of July 8, 2008, insofar as it denied the Plaintiff's Motion for Partial Summary Judgment. As grounds for this motion, the plaintiff states that the court's decision was based on clear error, and that the court should take the opportunity to correct that error so as to streamline the trial of this matter. In further support of this motion, the plaintiff states:

      1.    The court grounded its decision, in pertinent part, in a holding that the issue before the court "turn[ed] on the interpretation of a provision in Plaintiff's employment contract," and that "Because the deferral provision is

ambiguous as to crucial terms…the Court finds that it must look to parol evidence…" *See* Electronic Court Order, dated July 8, 2008, denying parties' motions for partial summary judgment.

2. However, the language of the contract between the parties is completely irrelevant to the plaintiff's motion, which is grounded on the Massachusetts Wage Act, G.L. c. 149, §§148-150.

3. Section 148 provides, in pertinent part:

> No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty.

Section 150 of the statute provides a right to sue for violation of the Wage Act.

4. The foregoing provision of §148 renders the deferral provisions of the contract between the parties explicitly illegal. The contract is thus void and unenforceable as to those terms. *See Ureneck v. Cui,* 59 Mass. App. Ct. 809, 812 (2003).

5. Because the contract was void, its provisions could not determine whether the plaintiff is entitled to receive his wages. Nor could parole evidence could modify the defendants' obligations to the plaintiff under the Wage Act.

6. Massachusetts General Laws §148 requires the full and regular payment of wages:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned…

Under its provisions, the plaintiff is entitled to be paid his salary for the time that he was an employee of the corporation.[1] *Weidemann v. The Bradford Group, Inc.*, 444 Mass. 698, 703-04, 831 N.E.2d 304, 303 (2005).

    7.    The case cited by the court to find that the contract provisions are relevant to the Wage Act claim, *Kalra v. Viking Networks, Inc.*, 18 Mass. L. Reptr. 785, 2005 Mass. Super. LEXIS 291 (2003), was decided several months before *Weidemann v. The Bradford Group, Inc.*, *supra*, and two years before *Okerman v. VA Software Corp.* 69 Mass. App. Ct. 771, 777, 871 N.E.2d. 1117, 1122-23 (2007), Those cases implicitly overruled *Kalra*, by making it clear that the Wage Act is to be applied as written.  *See*, *Okerman*,  Mass. App. Ct. at 777, 871 N.E.2d. at 1122-23 citing *Commr. of Rev. v. Cargill, Inc.*, 429 Mass. 79, 82, 706 N.E. 2d 625 (1999): "Where  the language of the statute is clear, it is the function of the judiciary to apply it, not amend it.."  (As can be seen from the foregoing, excerpts from G.L. c. 149, §148, to the extent that *Kalra*—which did not involve a written contract—might have been read to suggest that contract provisions could modify the obligation to pay wages regularly and currently, it was contrary to the explicit language of the statute and wrong when decided.)

---

[1] Although the plaintiff believes that this period is not the subject of dispute between the parties, its length is relevant only insofar as it affects the computation of the plaintiff's damages.  Because the plaintiff's motion for summary judgment sought only a decision as to liability, the length of the plaintiff's employment can be determined during the trial as to damages.

8. For the foregoing reasons, the court erred in failing to grant the plaintiff partial summary judgment on Count I of his complaint, and it should take this opportunity to reconsider and correct its decision.

WHEREFORE, for the reasons stated above, the plaintiff respectfully moves the court to reconsider its decision denying partial summary judgment on the issue of liability as to Count I of the Complaint, and upon such reconsideration,

a. Grant summary judgment as to liability to the plaintiff on Count I of his complaint, for violation of G.L. c. 149, §§148-150.

b. Award him reasonable costs and attorneys' fees for the bringing and arguing of this motion.

c. Grant such additional relief as the court deems reasonable and proper.

<u>Oral Argument Requested</u>

The plaintiff requests that the court set his matter down for a hearing.

Respectfully submitted,

July 21, 2008

John C. Stanton,
Plaintiff
by his attorneys,

*Jonathan J. Margolis*
Jonathan J. Margolis, BBO #319980
Lori A. Jodoin, BBO #655840
Rodgers Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document(s), filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 21st day of July 2008.

                                                           *Jonathan J. Margolis*
                                                           Jonathan J. Margolis

L.R. 7.1(A)(2) NOTICE

    I certify that I have conferred with counsel for the defendants in good faith, in an effort to resolve or narrow the issues presented by this motion.

July 21, 2008

                                                           *Jonathan J. Margolis*
                                                           Jonathan J. Margolis