UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN C. STANTON,<br>    Plaintiff<br><br>v.<br><br>LIGHTHOUSE FINANCIAL SERVICES,<br>INC. and THOMAS S. DRUNSIC,<br>    Defendants | Case No.  06-10566-NG |

## MOTION TO AMEND ANSWER AND COUNTERCLAIM

NOW COME Lighthouse Financial Services, Inc. and Thomas S. Drunsic, by counsel, and move this Honorable Court for authority to amend their Answer, Counterclaim and Affirmative Defenses as filed with this Court.

In support hereof, the parties state as follows:

1. On March 30, 2006, the Plaintiff commenced this case by the filing of his Complaint.

2. The Complaint was timely answered, and shortly thereafter, a Motion for Partial Judgment on the Pleadings was filed by the Plaintiff with Opposition by the Defendant.

3. The Court allowed, in part, the Motion for Judgment on the Pleadings by the Plaintiff by dismissing Count I of the Counterclaim.[1]

4. Recently, based upon cross motions for Summary Judgment, this Court entered certain findings and rulings, including but not limited to a ruling

---

[1] In the amended pleading filed herewith, Count I is once again included in the pleading, although Lighthouse and Drunsic in no way seek to avoid the Court's prior ruling by virtue of doing so.  It is included solely for purposes of avoiding confusion, as the sole amendment to the pleadings filed herewith are the inclusion of new affirmative defenses, to the extent necessary at all.

that the Court considered the Plaintiff to be a person covered by the Massachusetts Wage Act. Although the Defendants disagree with this ruling, the Defendants now, in light of this ruling, seek to make clear in the course of this case their position with regard to a specific affirmative defense added to the pleadings, namely, an affirmative defense on behalf of Thomas Drunsic for setoff of mutual claims, and a defense of *in pari delicto*.

5. Specifically, the claim for setoff arises between Mr. Drunsic and the Plaintiff due to the fact that each of the parties, Drunsic and the Plaintiff, executed identical employment agreements at the same time for employment with the same corporation, namely Lighthouse. Under the belief and understanding that the Plaintiff was not eligible to make a claim against him under the Massachusetts Wage Act, the issue of setoff would not, and should not have arisen. However, in light of the Court's ruling, this issue is now squarely before the parties.

6. The provisions of Rule 8(c)(1) of the Federal Rules of Civil Procedure requires affirmative defenses to be stated, based upon the wording of the Rules as follows:

> In responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses, including: accord and satisfaction; arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, release, res judicata, statute of frauds, statute of limitations and waiver

7. There is no prejudice to the Plaintiff with regard to the implementation of this newly stated affirmative defense, which may not need to have been set forth as an affirmative defense whatsoever. Specifically, it is not

clear that setting forth a claim of setoff is in fact a claim or defense based upon avoidance. This does not including a claim of *in pari delicto*, which is in fact an affirmative defense. *Nisselson v. Lernout,* 469 F.3d. 143, 151 (1st Cir. 2006). The Plaintiff's claims are subject to setoff, and the Plaintiff cannot recover based upon the defense of *inpari del icto*

## **DISCUSSION SECTION**

Although the *in pari delicto* defense is an affirmative defense under Rule 8 (c), it is still not clear that the claim of any setoff is in fact an affirmative defense. However, even with the case of an affirmative defense such as *in pari delicto*, there are exceptions to the bar under Rule 8 (c) of the Rules of Civil Procedure for allowing affirmative defenses to be added late, such as, where (i) the defendant asserts the defense without undue delay and the Plaintiff is not unfairly prejudiced by any delay; or (ii) the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed. *Massachusetts Asset Financing Corporation v. MB Valuation Services, Inc.*, 248 F.R.D. 359, 361 (D.Mass. 2008).

In the present case, each of the defenses maybe established by the facts already produced in discovery by the parties. Further, at least as to the issue involving each of these defenses, unless or until such time as the court determined that the Plaintiff was entitled to coverage under the Massachusetts Wage Act, a position to which the Defendants do not agree, then such affirmative defenses were not necessary to be raised by Drunsic. However, even if such defenses need to be raised affirmatively, there is no prejudice as each of the parties have
`- 3 -`

completed discovery and the facts comprises such defenses were always known to the parties and established through discovery.

WHEREFORE, the Defendants respectfully request this Honorable Court to allow this motion, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Lighthouse Financial Services, Inc., et al
By their attorney,

Dated: July 22, 2008

/s/ Michael B. Feinman
Michael B. Feinman
BBO#545935
Feinman Law Offices
23 Main Street
Andover, MA  01810
Tel:  978-475-0080
Fax: 978-475-0852
Email:mbf@feinmanlaw.com

06x4060\Motion to Amend Answer