UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------x

JOHN C. STANTON,

    Plaintiff,

v.

                                                    Civil Action.
                                                    No. 06-10566-NG

LIGHTHOUSE FINANCIAL SERVICES,
INC, and THOMAS S. DRUNSIC,

    Defendants.

-----------------------------------------------------x

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HIS OPPOSITION TO DEFENDANTS' MOTION
FOR RECONSIDERATION OF THEIR CROSS-MOTION
FOR SUMMARY JUDGMENT

In opposing the Plaintiff's Motion for Summary Judgment, and in filing their cross-motion, the defendants attempted to obscure and confuse the legal principles that govern this case. They take the same course here.

Thus, the defendants argue that the court should find a factual parallel between this case and *Kalra v. Viking Networks, Inc.*, 18 Mass. L. Reptr. 694 (Mass. Super 2005), blithely ignoring the fact that the court in *Kalra* read the statute as it wished it to be, not as it is. The error of that approach— found in some other cases as well— was made clear by the Supreme Judicial Court in *Weidemann v. The Bradford Group, Inc.*, 444 Mass. 698, 703-04, 831 N.E.2d 304, 303 (2005), and more pointedly by the Massachusetts Appeals Court in

*Okerman v. VA Software Corp.* 69 Mass. App. Ct. 771, 777, 871 N.E.2d. 1117, 1122-23 (2007), citing *Commr. of Rev. v. Cargill, Inc.*, 429 Mass. 79, 82, 706 N.E. 2d 625, 627 (1999).

Under the plain language of the Massachusetts Wage Act, G.L. c. 149, §§148-50, it simply does not matter whether the business is a start-up, a small store or restaurant, an old-line company that is facing financial difficulty or a giant, hugely-profitable multi-national enterprise. All are required to pay wages, and those in control of each are liable if wages are not properly paid. Nor does it matter whether an employee has agreed to defer his or her salary. Knowing that such agreements are often compelled, Massachusetts has outlawed them. G.L. c. 149, §148.

The issue before the court is simple: Will it apply the Wage Act as written, as Massachusetts law commands? *Commr. of Rev. v. Cargill, Inc., supra,* 429 Mass. at 82, 706 N.E. 2d at 627: "Where the language of the statute is clear, it is the function of the judiciary to apply it, not amend it..." If the court applies the law as enacted by the Legislature and interpreted by the highest courts of the Commonwealth, it will deny the defendants' motion and grant the Plaintiff's Motion for Reconsideration of Order Denying His Motion for Partial Summary Judgment.

CONCLUSION

For the reasons stated herein, in the Plaintiff's Memorandum of Law in Support of His Motion for Partial Summary Judgment, and in his Motion for Reconsideration of Order Denying his Motion for Partial Summary Judgment, the plaintiff requests the Court to deny the Defendants' Motion for Reconsideration of their Motion for Summary Judgment in its entirety, and to grant such additional relief as the Court deems reasonable and proper..

August 7, 2008

Respectfully submitted,

John C. Stanton,
Plaintiff
by his attorneys,

*Jonathan J. Margolis*
Jonathan J. Margolis
BBO # 319980
Lori A. Jodoin
BBO # 655840
Rodgers Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s), filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 7th day of August 2008.

*Jonathan J. Margolis*
Jonathan J. Margolis