UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
JOHN C. STANTON,

        Plaintiff,

v.                                        Civil Action.
                                           No. 06-10566-NG

LIGHTHOUSE FINANCIAL SERVICES,
INC, and THOMAS S. DRUNSIC,

        Defendants.
---------------------------------------------------------x

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HIS REQUEST FOR AWARD OF PRE-JUDGMENT INTEREST

John Stanton, the plaintiff, should be awarded pre-judgment interest from the date on which demand for payment of his wages was made on the defendants to the date of judgment, and that interest should be at the rate provided by the Massachusetts General Laws, 12 percent annually.

1. *The Plaintiff is Entitled to Pre-Judgment Interest.*

Although the statute under which this case was decided, G.L. c. 149, §150, is silent on the award of pre-judgment interest, both state and federal courts have ruled that such interest is payable even when a statute does not specifically provide for it. *Segal v. Gilbert Color Systems, Inc.*, 746 F.2d 78, 83 (1st Cir. 1984); *Sterilite Corp. v. Continental Casualty Co.*, 397 Mass. 837, 841; 494 N.E. 2d 1008, 1011 (1986)(interest is compensation for the detention or withholding

of money); *Conway v. Electro Switch Corp.*, 402 Mass. 385, 390, 523 N.E.2d 255, 258 (1988) (same; interest applicable under anti-discrimination statutes).

At least one Massachusetts court has awarded interest in a case under the Wage Act. *Parow v. Howard*, 17 Mass. L. Rep. 149 (Mass. Super. Ct. 2003). This case, which is about the detention of wages, is entirely appropriate for the award of pre-judgment interest. *Boston Police Patrolmen's Ass'n v. Boston*, 435 Mass. 718, 720, 761 N.E.2d 479 (2002). Indeed, to refuse the award of interest would seriously undercut the purpose of the statute under which this suit lies. *Id.*

### 2. *The Massachusetts Statute on Pre-Judgment Interest Applies to this Case.*

This court sits on this case as a state court. *See Marine Cooks & Stewards v. Panama S.S. Co.*, 362 U.S. 365, 369 (U.S. 1960). When a federal court hears a purely state law issue, where jurisdiction is based solely on diversity of citizenship—as is the case here—the state law applicable to pre-judgment interest applies. *Crowe v. Bolduc*, 385 F.3d 86, 90 (1st Cir. 2004); *Aubin v. Fudala*, 782 F.2d 287, 289 (1st Cir. 1986); *Hobart v. O'Brien*, 743 F.2d 735, 745 (1st Cir. 1957), *cert denied*, 355 U.S. 830 (1957). Thus, the relevant statute for the application and computation of interest in this case is that of Massachusetts.

### 3. *G.L. c. 231, §6C Governs the Computation of Interest in this Action*

G.L. c. 231, §6C provides in pertinent part that:

> In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum, from the date of the breach or demand.

That section applies to this case. When a judgment is rendered under a statute for which there is no interest provision specifically applicable, the one that most closely tracks the nature of the ground for recovery is employed. *Lattuca v. Robsham*, 442 Mass. 205, 210, 813 N.E.2d 877, 882 (Mass. 2004); *Steranko v. Inforex, Inc.*, 8 Mass. App. Ct. 523, 534, 395 N.E.2dn 1303, 1309 (Mass. App. Ct. 1979). Here, that is G.L. c. 231, §6C.

Section 6C applies to "actions based on contractual obligations." The obligation to pay wages arises in a contractual context—out of the employment relationship. The statute that requires regular payment of wages does not create the relationship, or the obligation to pay; it only conditions the payment required by the contract of employment. Violation of the wage statute is much more similar to breach of contract than it is to a tort. Section 6C, not §6B (governing interest in tort actions), or §6H, is most appropriate for the computation of interest. *Parow v. Howard, supra.*

An award of interest under §6C is mandatory, not discretionary: "interest shall be added..."

The statutory interest rate for judgments in Massachusetts is 12 percent per annum. G.L. c. 231, §6C. Although §6C provides for a lower rate where

the contract contains a provision prescribing it, there is no such clause in the written contract that the parties signed, Trial Exh. 9, and there was no written contract for the period after that agreement ended, on March 31, 2004. Thus 12 percent is the applicable rate.

    4. *Pre-Judgment Interest Should be Computed from October 11, 2004 to the Date of Judgment.*

Section 6B provides for computation of interest from the date of breach or the date of demand, if one or the other can be determined. Although the court could award damages from the first date on which Mr. Stanton should have been paid, and from such each date thereafter, the plaintiff suggests that it would be appropriate to start interest at the date that the corporation received notice of his claim—that is, the date on which the Attorney-General forwarded his non-payment-of-wage complaint. The Attorney-General's letter, Trial Exh. 11, was dated October 7, 2004. Using the normal convention of 3 days for mailing, the court should start interest running as of October 11, 2004. (October 10th was a Sunday in 2004.)

Using October 11, 2004 as a starting date, as of June 29, 2009 (the date on which the court directed that the parties' positions on interest be filed), the

-5-

amount of interest accrued will be $ 101,990.57, with an additional $59.26 added for each day thereafter until issuance of the final judgment.[1]

## CONCLUSION

For the reasons stated herein, the plaintiff requests the court to award him $101,990.57 in interest to June 29, 2009, and $59.26 per day thereafter until the final judgment is issued, to the amount of damages awarded, $180,256.43, and to grant such additional relief as the court deems reasonable and proper.

June 26, 2009

Respectfully submitted,

John C. Stanton,
Plaintiff
by his attorneys,

*Jonathan J. Margolis*
Jonathan J. Margolis
BBO #319980
Lori A. Jodoin
BBO #655840
Rodgers Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

---

[1] This amount is calculated as follows: Annual interest on $180,256.43 at 12% equals $21,630.77. Per diem interest is $59.26. There are 1721 days between October 11, 2004 and June 29, 2009. The total amount of interest is $59.26 X 1721 = $101,990.57. (Because the interest is computed annually, it does not matter whether there are 365 or 366 days in a particular year; the per diem rate for leap years is very slightly lower, but the total interest for the year is the same. Thus, leap years may be ignored in this calculation.)

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s), filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 26th day of June 2009.

*Jonathan J. Margolis*
Jonathan J. Margolis
